ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV 20 PM 3:00
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VERNELL WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-042 |
| | ) | |
| JAMES E. DONALD, Commissioner of | ) | |
| the Georgia Department of Corrections; | ) | |
| S.M. SIKES, Warden of Montgomery | ) | |
| State Prison; and HILTON HALL, Warden | ) | |
| of Georgia Diagnostic and Classification | ) | |
| State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.

---

[1] While Plaintiff is currently incarcerated at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, some of the events Plaintiff raises in his complaint occurred while he was incarcerated at Montgomery State Prison in Mt. Vernon, Georgia.

28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald, Commissioner of the Georgia Department of Corrections, (2) S.M. Sikes, the Warden of Montgomery State Prison ("MSP"), and (3) Hilton Hall, Warden of Georgia Diagnostic and Classification State Prison ("GDCP"). (Doc. no. 1, pp. 1, 4).

Plaintiff alleges that on April 5, 2006, while incarcerated at MSP, he was placed in administrative segregation because he was unable to perform physical labor. (Id.). Following his stint in administrative segregation, Plaintiff alleges that he was subjected to numerous fabricated disciplinary reports. (Id. at 5). Plaintiff asserts that he informed Defendant Sikes verbally and in writing about this "harassment." (Id.). However, according to Plaintiff not only did Defendant Sikes fail to take action, but the situation was allowed to intensify such that Plaintiff was threatened and physically assaulted by some MSP officers at a disciplinary hearing on May 10, 2006. (Id.). Finally, according to Plaintiff, as a result of this alleged assault, he received a broken tooth and facial bruises. (Id.).

Plaintiff was then transferred to GDCP, where he alleges that Defendant Hall and other administrators allowed prison staff to continuously deny and/or delay medical treatment to Plaintiff. (Id.).

---

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

2

## II. DISCUSSION

### A. Claims Arising at GDCP

Plaintiff's complaint details allegations of events that occurred at GDCP. However, GDCP is located in Jackson, Butts County, Georgia. Butts County falls within the jurisdiction of the United States District Court for the Middle District of Georgia. See 28 U.S.C. § 90(b)(2). As the alleged denial and delay of medical treatment at GDCP took place in the Middle District of Georgia, the proper venue for these claims is in the that District. See 28 U.S.C. § 1391(b). Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims concerning GDCP be **DISMISSED** without prejudice so that Plaintiff may, if he chooses, bring those claims in the United States District Court for the Middle District of Georgia.

### B. Claims Against Defendant Donald

As to Plaintiff's claim against Defendant Donald, it fails as a matter of law. Plaintiff blames Defendant Donald for the acts of his subordinates within the Department of Corrections, without alleging any personal involvement by Defendant Donald in protecting Plaintiff's safety and/or providing medical care. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions

3

of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that Defendant Donald actually participated in his medical care or was personally responsible for his safety at MSP. Moreover, Plaintiff has proffered no reason to support that this Defendant was even aware of a problem regarding Plaintiff's safety and/or medical needs, much less that he was deliberately indifferent to these issues. Plaintiff has simply listed Defendant Donald in the caption of his complaint and in the list of Defendants on page four of his complaint. (Id. at 1, 4). Plaintiff does not mention Defendant Donald any where else in his complaint.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Donald and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that Defendant Donald knew about any widespread abuse or that he was responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's safety and/or medical needs. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Donald.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the claims arising at GDCP be **DISMISSED** without prejudice and that Defendant Donald be **DISMISSED** from the case.[4]

SO REPORTED and RECOMMENDED this 20th day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] By separate Order, the Court has directed that service of process be effected on Defendant Sikes based on Plaintiff's allegations of deliberate indifference to his safety.

5