IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VERNELL WOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-042 |
| ) | |
| JAMES E. DONALD, Commissioner of ) | |
| the Georgia Department of Corrections, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Plaintiff's objections raise the following issues: (1) Defendant Donald should not be dismissed from the above-captioned case under a theory of *respondeat superior*, and (2) Plaintiff's claims against Defendant Hall, arising from his incarceration at Georgia Diagnostic and Classification State Prison ("GDCP"), should be heard in this District. (Doc. no. 10, pp. 1, 2). The Court will address each objection in turn.

In support of his claim that Defendant Donald should not be dismissed from the above-captioned case, Plaintiff submits that, as the Commissioner of the Department of Corrections, Defendant Donald was grossly negligent in managing the people he was supposed to supervise. (Id.). Moreover, Plaintiff disagrees with the findings of the

Magistrate Judge that Defendant Donald was not aware of the alleged constitutional violations about which Plaintiff complains. Plaintiff contends that Defendant Donald was put on notice by virtue of the letters he wrote to the Commissioner's Office on "several occasions."[1] (Id. at 2).

However, as the Magistrate Judge explained, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff has not alleged that Defendant Donald personally participated in Plaintiff's medical care or was personally responsible for his safety at Montgomery State Prison ("MSP"). In his objections, Plaintiff now contends that Defendant Donald was aware of the problem regarding Plaintiff's safety and/or medical needs because Plaintiff wrote to the Commissioner's Office on several occasions. (Doc. no. 10, p. 2). In support of his argument that Defendant Donald was aware of Plaintiff's problems, Plaintiff merely provides his one conclusory allegation that he sent several letters to the Commissioner's Office.

---

[1] Plaintiff also states that he wrote the Internal Affairs Unit "innumerable times during his plight at MSP." (Doc. no. 10, p. 2).

2

Notably, Plaintiff never made such a contention in the complaint that the Magistrate Judge screened.

However, even this newly-minted, conclusory allegation in the objections fails to change the analysis that Defendant Donald should be dismissed. Plaintiff states only that he wrote to the Commissioner's Office and the Internal Affairs Unit. There is no indication to whom his letters were specifically addressed, let alone that Defendant Donald ever saw or even knew about the letters. Nor does Plaintiff explain what information was included in those letters. Simply put, Plaintiff has not proffered any reason to support that his letters made Defendant Donald aware of a problem regarding Plaintiff's safety and/or medical needs, and thus, Defendant Donald is due to be dismissed from the above-captioned case. See Crawford-El v. Britton, 523 U.S. 574, (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

The Court turns its attention next to Plaintiff's assertion that his claims against Defendant Hall, arising from his incarceration at Georgia Diagnostic and Classification State Prison ("GDCP"), should be heard in this District. As noted in the Report and Recommendation, as the alleged denial and delay of medical treatment at GDCP took place in the Middle District of Georgia, the proper venue for those claims is in the that District. See 28 U.S.C. § 1391(b).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's claims arising at Georgia Diagnostic and Classification State Prison are **DISMISSED** without prejudice, and therefore

3

Defendant Hall is **DISMISSED** from this case. Defendant Donald is also **DISMISSED** from the case.

SO ORDERED this 27 day of March, 2008, at Augusta, Georgia.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE