IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2008 SEP -4 A 10: 58

CLERK SMcCarthy
SO. DIST. OF GA.

VERNELL WOMACK,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      CV 307-042
                                   )
S.M. SIKES, Warden of Montgomery   )
State Prison,                      )
                                   )
            Defendant.             )

---

**O R D E R**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed. Plaintiff brings

this Eighth Amendment claim against Defendant for the injuries he purportedly sustained in

a May 10, 2006, assault by Montgomery State Prison ("MSP") officers. (Doc. no. 1, p. 5).

The Magistrate Judge recommended dismissing Plaintiff's complaint without prejudice

because Plaintiff did not exhaust his administrative remedies. (Doc. no. 31).

Although Plaintiff argued that he was impeded from filing grievances about the

purported assault, the Magistrate Judge found that none of the filings in the case revealed a

grievance, informal or formal, addressing the purported assault, much less a grievance

contending that Defendant should have prevented the purported assault. (Id. at 14).

Additionally, the Magistrate Judge noted, "Other than Plaintiff's complaint and his self

serving statements, there is no record or documentation that Plaintiff ever complained that

Defendant was deliberately indifferent to Plaintiff's safety." (Id.). Lastly, Plaintiff argued that the staff at MSP impeded him from filing a grievance on the purported assault. However, the Magistrate Judge noted that upon Plaintiff's transfer to a different prison, although Plaintiff claimed to have attempted to exhaust his administrative remedies, absent some permission to file an out-of-time grievance, his grievance would be untimely. The record is devoid of any filing that established that Plaintiff had requested permission to file an out-of-time grievance. (Doc. no. 31, p. 13 n.8). Therefore, Plaintiff grievance was untimely, as such, he failed to exhaust his administrative remedies.

Plaintiff's objections are simply a reiteration of his previous arguments that he was impeded from filing grievances concerning Defendant's alleged deliberate indifference to Plaintiff's safety. Plaintiff again merely proffers his self serving statement that the grievance procedure was not available to him; Plaintiff has not provided the Court with any evidence that he was impeded from using the grievance procedure. Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion for summary judgment (doc. no. 12) is **GRANTED** as to exhaustion, Plaintiff's motion for summary judgment on the merits (doc. no. 23) is **DENIED**, Plaintiff's complaint is **DISMISSED** without prejudice, and a final judgment shall be **ENTERED** in favor of Defendant.

SO ORDERED this 4th day of September, 2008, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2